IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY J. SILVER           *

    Plaintiff           *

    vs.                 *   CIVIL ACTION NO. MJG-16-382

WELLS FARGO BANK, N.A., et al.  *

    Defendants          *

*   *   *   *   *   *   *   *   *

<u>MEMORANDUM AND ORDER RE: RECONSIDERATION MOTIONS</u>

The Court has before it Wells Fargo Bank, N.A.'s Motion for Reconsideration With Respect to Count III [ECF No. 56], PNC Bank, National Association's Motion for Reconsideration With Respect to Count III [ECF No. 57], and the materials submitted relating thereto. The Court finds a hearing unnecessary.

I. <u>BACKGROUND</u>

This case arises from a check fraud scheme perpetrated by Plaintiff Jeffrey J. Silver's employee. In the course of the scheme, the employee stole, forged, and negotiated checks drawn on Silver's checking account at PNC Bank, National Association ("PNC") and deposited the proceeds into her own account at Wells Fargo Bank, National Association ("Wells Fargo"), where Silver also maintained accounts.[1] The check fraud scheme went

---

[1] For a full factual background, as alleged in the Amended Complaint, see the Court's June 30th Order [ECF No. 53].

undetected for many years, and Silver now attempts to hold PNC and Wells Fargo (collectively, "Defendants") responsible for his losses.

In his Amended Complaint [ECF No. 35], Silver asserted Maryland Uniform Commercial Code[2] and common law claims against Defendants in ten counts. On June 30, 2017, the Court granted in part and denied in part Defendants' Motions to Dismiss the Amended Complaint [ECF Nos. 40 & 43] pursuant to Rule[3] 12(b)(6) of the Federal Rules of Civil Procedure. See Mem. & Order Re: Amended Compl. [ECF No. 53].[4] The Court dismissed Silver's claims in Count II (UCC § 3-417 & § 4-208), Counts IV and V (common law negligence), Count VI (UCC § 4-401), Count VII (negligent hiring and supervision), Count VIII (constructive fraud), Count IX (civil conspiracy), and Count X (UCC § 3-420). The Court allowed Count I (UCC § 3-404 & § 3-405 — lack of ordinary care) and Count III (common law breach of contract) to remain pending.

By the instant Motions, Defendants request the Court to reconsider its ruling concerning Count III.

---

[2] Md. Code Ann., Com. Law § 1-101 et seq. Hereinafter referred to as "UCC" or "Maryland UCC."
[3] All "Rule" references herein are to the Federal Rules of Civil Procedure.
[4] Hereinafter, "Order."

II.  LEGAL STANDARDS

Defendant Wells Fargo did not specify upon what procedural grounds it was making its Motion for Reconsideration, but Defendant PNC labeled its Motion as one pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 105.10 of the Rules of the United States District Court for the District of Maryland ("Local Rules").

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  The Court's Order granting in part and denying in part Defendants' Motions to Dismiss the Amended Complaint was not a "judgment" because it was not "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).  The Order adjudicated fewer than all of the claims presented in the Amended Complaint, so it was not final.  Therefore, Rule 59(e) does not provide an appropriate basis for a motion to reconsider.  See Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991) ("Fayetteville's motion for reconsideration could not be treated under Rules 60 or 59, as these rules apply only to final judgments . . . .").

However, the Court shall treat the instant motions as motions to revise the Court's Order pursuant to Rule 54(b). See id. at 1465 (doing the same); Lopez v. United States, No. PWG-14-2156, 2016 WL 915621, at *1 (D. Md. Mar. 10, 2016)(same).

A. Rule 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure provides, in relevant part,

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54.

"[A] district court retains the power to reconsider and modify its interlocutory judgments, . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). "The power to reconsider an order is 'committed to the discretion of the district court.' In exercising this discretion, courts must be sensitive to 'concerns of finality and judicial economy.' However, the 'ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" Asher & Simons, P.A. v. j2 Glob. Canada, Inc., 977 F. Supp. 2d 544, 546-47 (D. Md. 2013)(internal citations omitted)(quoting Am. Canoe Ass'n, 326 F.3d at 515).

The Fourth Circuit has not stated a specific standard to guide reconsideration of an interlocutory order, but the standards applicable to Rule 59(e) and Rule 60 can provide

guidance even if not binding.  See Lopez v. United States, No. PWG-14-2156, 2016 WL 915621, at *2 (D. Md. Mar. 10, 2016)(citing Fayetteville Investors, 936 F.2d at 1472 and Am. Canoe Ass'n, 326 F.3d at 514); see also Cezair v. JPMorgan Chase Bank, N.A., No. CIV.A. DKC 13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014)(applying Rule 59(e) standard).

A court considers a motion to alter or amend when: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." Cezair, 2014 WL 4955535, at *1.  Although not expressly articulated as such, the grounds of Defendants' Motions are that the Court made an error with respect to Count III.

The Local Rules for the District of Maryland state: "Except as otherwise provided in Fed.R.Civ.P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." D. Md. Ct. Local R. 105.10.  Wells Fargo's and PNC's Motions for Reconsideration were filed on July 10, 2017 and July 13, 2017, respectively — within the fourteen-day period.

5

B. Rule 12(b)(6)

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(alteration in original)(citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or "a formulaic recitation of the elements of a cause of action will not [suffice]." Id. A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

III. DISCUSSION

In Count III of the Amended Complaint, Silver asserted a breach of contract claim against both Defendants for failing to verify the signatures on the fraudulent checks, and against PNC for failing to credit Silver for his losses and make warranty claims against Wells Fargo.

6

In its Order, the Court held that Silver had alleged a plausible claim that both Defendants breached an implied in fact contract under which the Defendants owed a duty to exercise ordinary care, as codified in the UCC. See Schultz v. Bank of Am., N.A., 990 A.2d 1078, 1092-93 (Md. 2010); Taylor v. Equitable Trust Co., 304 A.2d 838, 842–43 (Md. 1973)("[T]he UCC codifies the underlying contract implied between the bank and its customer that the bank will charge any item which is 'otherwise properly payable' against the depositor's account only on the order of the depositor.").

The Court also held that Silver adequately alleged that PNC breached the terms of its Rules and Regulations for Deposit Accounts because it honored checks that were not signed by Silver and did not rely on the Signature Card to verify his signature.

Defendants seek reconsideration of both holdings.

A. Breach of Implied Contract

Defendants contend that a common law claim for breach of the implied contract to exercise ordinary care is displaced by the UCC. Defendants did not make this argument in their previous Motions to Dismiss. However, Defendants did make an almost identical argument that Silver's common law negligence claim was displaced by the UCC. The Court agreed and dismissed

Silver's negligence claim. In its Order, the Court stated:

> [T]he UCC provides an adequate remedy against both Defendants in §§ 3-404, 3-405, and/or 4-401. See 6C Anderson U.C.C. § 4-401:10 (3d. ed.) ("UCC § 4-401 displaces any common-law action for negligence against a bank paying a check on which the drawer's signature is forged"); see also Gina Chin & Assocs., Inc. v. First Union Bank, 500 S.E.2d 516, 518 (Va. 1998)(holding that a victim of double forgery can bring a causes of action against a depository bank pursuant to UCC § 3-404 and § 3-405).
>
> Unlike other cases where Maryland courts have allowed negligence suits for violation of the UCC's duty of care,[5] Silver's common law negligence claim has no independent significance apart from his UCC claims. The instant case involves forged checks that were not properly payable under the UCC, and thus the claims fall under the UCC's purview. In contrast, in Chicago Title Ins. Co. v. Allfirst Bank, 905 A.2d 366, 376-77 (Md. 2006), the Maryland Court of Appeals determined that a common law negligence cause of action was appropriate because the check at issue contained no forgery or improper indorsement and was thus properly payable under the UCC.
>
> Silver implicitly recognizes the adequacy of the UCC remedies by bringing claims under those provisions. See Great Lakes Higher Educ. Corp. v. Austin Bank of Chicago, 837 F. Supp. 892, 896 (N.D. Ill. 1993)("[Plaintiffs] have other remedies under the UCC which they have alternatively plead in their complaint, thus showing that a common law action for negligence is unnecessary and may not be alleged here.").

Order [ECF No. 53] at 25-26.

---

[5] [Footnote in Original] See, e.g., Schultz, 990 A.2d at 1086 (allowing negligence suit in case arising from addition of a third party's name on bank customer's checking account); Novara v. Manufacturers & Traders Trust Co., No. CIV.A. ELH-11-736, 2011 WL 3841538, at *9 (D. Md. Aug. 26, 2011)(involving collection of payments in satisfaction of notes).

8

Silver's breach of implied contract claim in Count III is based upon the same duty of care and same allegedly wrongful conduct that formed the basis of his common law negligence claim. Therefore, for the same reasons that his common law negligence claim is displaced by his UCC claims in Count I, so too, should the UCC displace his Count III breach of implied contract claim. Plaintiff provided no response or objection to Defendants' argument on this point. See Pl.'s Opp. [ECF Nos. 63 & 64].

Other courts have concluded that the UCC displaces common law breach of contract claims. See, e.g., Marano v. RBS Citizens Fin. Grp. Inc., No. CA 12-639ML, 2012 WL 7170421, at *10 (D.R.I. Dec. 27, 2012), report and recommendation adopted, No. CA 12-639 ML, 2013 WL 639155 (D.R.I. Feb. 20, 2013)(holding that UCC displaced contract claim in a similar check forgery case); Jones v. F.D.I.C., No. 5:12-CV-176 MTT, 2012 WL 6115374, at *7 (M.D. Ga. Dec. 10, 2012)(holding that UCC displaces common law breach of contract claim based on payment of checks bearing unauthorized signatures); Mackin Eng'g Co. v. Am. Exp. Co., No. 10CV1041, 2010 WL 9013002, at *4 (W.D. Pa. Oct. 12, 2010), aff'd, 437 F. App'x 100 (3d Cir. 2011)(similar); Gallagher v. Santa Fe Fed. Employees Fed. Credit Union, 52 P.3d 412, 416 (deciding that the UCC's statute of limitations applies to common law breach of implied contract claims based upon a duty

9

not to pay checks with forged indorsements).

It would be inconsistent to bar Plaintiff's common law negligence claim and not his breach of contract claim when they are both based on the same breach of the implied duty of ordinary care. "When a provision of the UCC applies to a commercial transaction, a litigant cannot avoid the UCC's effect simply by relying on non-UCC theories as alternative causes of action; this 'displacement' principle assures that the uniformity that is at the core of the UCC is not undermined." Marano, 2012 WL 7170421, at *10.  As the UCC was enacted to promote uniformity and predictability in the area of commercial law, "it should be applied whenever possible." Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co., 434 S.W.3d 489, 506 (Ky. 2014).

The Court concludes, upon the facts alleged, that the UCC and its statute of limitations displaces Silver's common law claim of breach of implied contract.  The Court determines that this is the correct decision under the law and will facilitate judicial economy as it can prevent needless discovery.

Accordingly, Silver's breach of implied contract claims against PNC and Wells Fargo shall be dismissed.

B. Breach of Express Contract

In its Motion for Reconsideration, PNC contends that the

provisions of its Account Agreement with Plaintiff preclude him from asserting any breach of contract claims based upon unauthorized signature or fraud 90 days from the date when PNC made Silver's bank statement available to him. PNC originally attached purported copies of its Account Agreement as exhibits to its Motion to Dismiss the Amended Complaint. See PNC's Mot. to Dismiss [ECF No. 43, Exs. 2-14]. The Court will not consider these extrinsic documents at this time.

> Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the "documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013). Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours & Co., 637 F.3d at 448. This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery. Id.; see Fed.R.Civ.P. 12(b), 12(d), and 56.

Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015).

PNC's affirmative defense based upon the 90-day claim period is dependent upon facts outside the Amended Complaint that are not appropriate to consider under a Rule 12(b)(6) motion. The Account Agreement was not attached to or incorporated into the Amended Complaint. See Clatterbuck, 708

11

F.3d at 557 ("Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, on a motion to dismiss."). Whether Plaintiff's breach of express contract claims are precluded depends on the dates upon which Plaintiff received bank statements from PNC, the dates upon which the forged checks were honored by PNC, and the authenticity and applicability of the Account Agreements, which are not pleaded by Plaintiff and may present factual issues. See Pl.'s Opp. [ECF No. 63-1] at 3.

Therefore, Plaintiff's breach of express contract claim against PNC in Count III shall not be dismissed although it may not survive a Motion for Summary Judgment.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. Wells Fargo Bank, N.A.'s Motion for Reconsideration With Respect to Count III [ECF No. 56] is GRANTED.

2. PNC Bank, National Association's Motion for Reconsideration With Respect to Count III [ECF No. 57] is DENIED.

3. The Court's Order [ECF No. 53] as to Count III is VACATED.

    a. All claims against Wells Fargo in Count III are DISMISSED.

    b. Plaintiff's breach of implied contract claim against PNC in Count III is DISMISSED.

4. The following Counts remain pending:

    a. The Count I (Lack of Ordinary Care) claims against both PNC and Wells Fargo;[6] and

    b. The Count III (Breach of Express Contract) claim against PNC only.

5. By October 27, 2017, Plaintiff shall provide a post settlement conference status report without revealing any settlement positions.

SO ORDERED, this <u>Tuesday, August 22, 2017</u>.

/s/<br>
Marvin J. Garbis<br>
United States District Judge

---

[6] Only as to any claims that accrued on or after November 23, 2012.